**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

LAURA JENNINGS, )
)
                Plaintiff, )
)
      vs. )     Case No. 1:14-cv-498-TWP-TAB
)
TOM VILASCA, SECRETARY US )
DEPARTMENT OF AGRICULTURE, )
)
            Defendants. )

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff Laura Jennings brings this complaint against the Secretary of the United States Department of Agriculture.

**I.**

Because the plaintiff has sought and has been granted *in forma pauper* status, her complaint must be assessed under the standard established in 28 U.S.C. § 1915(e)(2). *See DeWalt v. Carter*, 224 F.3d 744, 750 (7th Cir. 2012). Pursuant to that statute, a complaint shall be dismissed if the court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The complaint is **dismissed** because the defendant, Tom Vilasca, the Secretary of the United States Department of Agriculture, is not mentioned in the body of the complaint. *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). To the extent that the plaintiff seeks to assert claims against the Family and Social Services Administration, she has not named this as a defendant in the caption and has therefore failed to make it a party. *See Myles v. United States,* 416 F.3d 551 (7th Cir. 2005)(to make someone a party the plaintiff must specify him in the caption and arrange for service of process; the court cannot add litigants on its own motion). The court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

## II.

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted and must therefore be dismissed pursuant to § 1915(e)(2). The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through, June 13, 2014,** in which file an amended complaint. *See Luevano v.*

*Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

!      The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

!      The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

!      The amended complaint must identify what legal injury she claims to have suffered and what persons are responsible for each such legal injury.

**III.**

If an amended complaint is filed as directed in this Entry, the Court will determine its legal sufficiency. If no amended complaint is filed as directed in this Entry, the action will be dismissed consistent with the dismissal of the complaint ordered in Part I of this Entry.

**IT IS SO ORDERED.**

Date: 05/21/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Laura A. Jennings
POB 118178
Indianapolis, IN 46218